UNITED STATES of America,
Plaintiff–Appellee,

v.

Alvaro CERVERA, Defendant–
Appellant.

No. 98–50602.
D.C. No. CR–96–02354–K.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Feb. 8, 2002.

Before NOONAN and WARDLAW,
Circuit Judges, and SCHWARZER,*
Senior District Judge.

## MEMORANDUM**

Petitioner Alvaro Cervera appeals his conviction for (1) conspiracy to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and (2) possession of methamphetamine with the intent to distribute,

in violation of 21 U.S.C. § 841(a)(1). We affirm.

On September 6 and September 19, 1996, Freddy Vegas (a paid informant) met with Cervera and Samuel Zugasti (Cervera's co-conspirator) to arrange and complete a methamphetamine purchase. Drug Enforcement Administration agent Douglas Cypher observed and recorded both meetings, resulting in an audiotape of a September 6 meeting ("the September 6 audiotape"), a transcript of that tape ("the September 6 transcript"), an audiotape of a September 19 meeting ("the September 19 audiotape"), a transcript of that tape ("the September 19 transcript"), and a videotape of that meeting ("the September 19 videotape" or, simply, "the videotape"). At trial, Vegas, Zugasti, and Cypher testified against Cervera. Cervera advances six arguments on appeal.

■ First, we reject Cervera's argument that the government's destruction of the September 19 audiotape and videotape after his conviction but before his appeal prejudiced his appeal. Although we strongly disapprove of the government's reckless treatment of the two items,[1] Cervera does not assert bad faith, and we find no prejudice because the destroyed evidence was not crucial to establishing guilt. *United States v. Heiden,* 508 F.2d 898, 902 (9th Cir.1974). The audiotape and videotape simply corroborated eyewitness testimony by Cypher (a federal law enforcement agent who observed the meeting), Vegas (a paid informant who participated in the meeting), and Zugasti (a co-conspir-

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In its brief before this court, the government maintains that it destroyed the items

pursuant to the DEA's normal destruction policy. If the DEA actually employs a policy that tolerates-let alone mandates-the destruction of evidence before a case is complete (i.e., at least before the time for filing an appeal has run), we find such a policy highly questionable.

ator who also participated in the meeting). In addition, the audiotape and videotape were largely unintelligible.

■ Second, Cervera's contention that the government's failure to turn over the videotape and the two transcripts during discovery amounted to a *Brady* violation fails. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Although the prosecution's curious decision to provide only an abridged version of the videotape during discovery (waiting until trial to reveal the full videotape) is troubling, the videotape was not crucial to the trial outcome for the reasons cited above.

Regarding the audiotapes, Cervera contends that the prosecution failed to give him the transcripts at all, and also that it gave them to him only one week before trial. Because Cervera had the audiotapes eight months before trial and could have made transcripts from them had he wanted, and the government provided the transcripts immediately upon making them, one week before trial, there was no discovery violation.

■ Third, we reject Cervera's argument that the court erred in admitting the September 6 transcript and the September 19 audiotape and transcript into evidence because substantial portions of both audiotapes were unintelligible. Although the audiotapes are uniformly poor and partly unintelligible, the unintelligible portions are not "so substantial that the recording as a whole is untrustworthy." *United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975). Furthermore, we reject Cervera's authenticity challenge. The court translator, law enforcement officers, and Vegas all testified to the audiotapes' authenticity and the transcripts' accuracy. Lastly, Cervera's Rule 403 objection fails because the probative value of the intelligible inculpatory evidence in the audiotapes outweighed any theoretical prejudice that might have resulted from their being played. We find no error in the district court's ruling.

■ Fourth, we reject Cervera's argument that the rereading of the September 19 transcript to the jury in response to its request during deliberations was improper. When the jury asked to hear both audiotapes and read both transcripts, the court consulted trial counsel and properly exercised its discretion in having its law clerk read only the September 19 transcript. The court reasonably feared that playing the audiotape would allow the jury to place undue weight on the intelligible portions, and it admonished the jurors to rely primarily on their recollections as opposed to the transcript. Although Cervera criticizes the admonitions themselves as unduly emphasizing the transcript (by referring to it as "evidence"), because those warnings were clear and explicit in cautioning the jurors against relying too much on the transcript, this argument also fails.

■ Fifth, we reject Cervera's ineffective assistance of counsel claim. Cervera's trial counsel was not ineffective in failing to transcribe the audiotapes himself; his reliance on the government's transcripts, which he found adequate, was reasonable. Counsel's decision not to seek redaction or partial exclusion of the September 19 audiotape, which counsel used to attack Zugasti on cross-examination, pointing out his co-conspirator status, immunity arrangements, and history of lying, was within the range of professionally competent assistance. *Strickland v. Washington*, 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Sixth, we reject Cervera's argument that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466,

120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because his sentence of 151 months on each count was within the statutory maximum of 360 months.

AFFIRMED.